Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7837 | **DATE** | 7/6/2011 |
| **CASE TITLE** | Alvarado vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion for summary judgment [33] is granted.

M ai l A0450

Docketing to mail notices.

■ [ For further details see text below.]

---

### STATEMENT

Before the court is Defendants City of Chicago, et al.'s (collectively, the "City") motion for summary judgment on Plaintiff Jesse Alvarado's ("Alvarado") claims of false arrest, unlawful search, malicious prosecution, and indemnification. For the following reasons, the motion is granted.

Police arrested Alvarado, a *pro se* plaintiff, in December 2008 while executing a search warrant targeting not Alvarado but his grandson, a suspected drug dealer, with whom Alvarado lived at a Chicago residence. The police search included an enclosed porch where Alvarado kept his belongings. Police found a laundry basket on the porch, and when officers emptied it a loaded handgun fell out. On the porch, police found several items identifying Alvarado, including a pay stub and a loan agreement bearing his name. Officers arrested Alvarado for possession of a firearm. Alvarado was indicted by a grand jury but ultimately acquitted.

These are the facts the City presents in its Local Rule 56.1 statement. Alvarado has not filed a response to the City's motion, nor has he filed his own Local Rule 56.1 account of the facts. When the City filed its motion March 4, 2011, the court set a briefing schedule. Alvarado missed the original April 8, 2011 deadline to respond. When Alvarado still had not responded as of May 26, 2011, the court set a new briefing schedule, giving Alvarado until June 24, 2011. Alvarado has missed this deadline as well. The court's May 26, 2011 order "admonished" Alvarado to respond or "face sanctions, which could include dismissal." Rather than employ sanctions, the court now considers the City's motion on its merits.

On their face, the facts in the City's 56.1 statement establish the right of police to search the porch pursuant to a valid warrant. These same facts, linking Alvarado to the place in the house where the gun was found, just as clearly establish probable cause to arrest Alvarado. Alvarado has not filed a response to the City's 56.1(a) statement of facts, nor has he filed a 56.1(b) statement of additional facts. As a result, the City's facts are deemed admitted, and unless the City's motion fails on its own the court will grant the City's motion. See Malec v. Sanford, 191 F.R.D. 581, 583-84 (N.D. Ill. 2000).

Establishing probable cause, according to the City, defeats Alvarado's 42 U.S.C. § 1983 claim of false

| STATEMENT |
|---|

arrest. Based on the uncontroverted facts in the City's motion and 56.1 statement, the court agrees. See Stokes v. Bd. of Educ., 599 F.3d 617, 622 (7th Cir. 2010) (probable cause bars false arrest claims under the Fourth Amendment). Similarly, under Illinois law, establishing the existence of probable cause defeats Alvarado's claim of malicious prosecution. Holland v. City of Chi., No. 09-3905, 2011 WL 2473473, at *4-5 (7th Cir. June 23, 2011) (citing Swick v. Liautaud, 662 N.E.2d 1238, 1242 (Ill. 1996)).

Furthermore, a valid warrant together with the plain view doctrine, on these facts, defeat Alvarado's § 1983 claim of an unlawful search. See, e.g., Hessel v. O'Hearn, 977 F.2d 299, 302 (7th Cir. 1992) ("[The plain view doctrine] allows officers executing a valid search warrant to seize contraband or incriminating evidence that they see in the course of their search even though the items in question were not named in the warrant."). Indeed, police executing a valid warrant to search a house had a right to search the enclosed porch and upend the laundry basket that produced the loaded gun. See United States v. Cotnam, 88 F.3d 489, 495 (7th Cir. 1996). Finally, the City argues that without a predicate violation Alvarado's indemnification claim automatically fails. See Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978). The court agrees.

Alvarado's failure to respond to the City's motion, and specifically his failure to counter the City's version of events pursuant to Local Rule 56.1, is ordinarily a fatal mistake. "Essentially, the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant (at least if the movant has done his or her job correctly)." Malec, 191 F.R.D. at 584. In this case, the City has done its job correctly. The City's motion for summary judgment is granted.

IT IS SO ORDERED.

FILED
2011 JUL -7 PM 4:39
CLERK
U.S. DISTRICT COURT